David O. **Sablan**,
Plaintiff/Appellant,

v.

Kenneth **Blake**, a.k.a. Khalid Abdullah Islam, Town House, Inc., and L & T International Corporation,
Defendants/Appellees.
Appeal No. 96-048
Civil Action No. 94-1261
Opinion
July 24, 1998

Argued and Submitted June 24, 1998

Counsel for appellant: Reynaldo O. Yana, Saipan

Counsel for appellee Kenneth Blake a.k.a. Khalid A. Islam: Pro Se

BEFORE: TAYLOR, Chief Justice, ONERHEIM, Justice Pro Tem, and MACK, Special Judge.

TAYLOR, Chief Justice:

¶1    ■ Plaintiff/appellant, David O. Sablan ("Sablan") appeals the Superior Court's order dated February 10, 1997, finding in favor of defendant/appellee Kenneth Blake, a.k.a. Khalid Abdullah Islam ("Blake"). We have jurisdiction pursuant to 1 CMC §3102(a).[1] We affirm.

### ISSUE PRESENTED AND STANDARD OF REVIEW

¶2    ■ We are asked to determine whether the Superior Court erred, as a matter of law, in deciding that Sablan was not entitled to damages on the grounds that they were overly speculative. We review the Superior Court's findings of fact under the clearly erroneous standard. *Camacho v. L&T Int'l Corp.*, 4 N.M.I. 323, 325 (1996). After reviewing all the evidence, we will not reverse unless we are left with a firm and definite conviction that a mistake has been made. *Id.*

### FACTS AND PROCEDURAL BACKGROUND

---

[1]   This Court also has jurisdiction pursuant to Legislative Initiative 10-3, ratified on November 1, 1997, and certified by the Board of Elections on December 16, 1997.

¶3    On Thanksgiving morning, November 24, 1994, Sablan voluntarily entered the Townhouse Game Room in Chalan Kanoa ("game room"), located adjacent to Kentucky Fried Chicken ("KFC"). He played the Sigma Poker Machine for about an hour. He lost approximately $400 that morning. When Blake, who was providing security and other managerial duties for the game room, entered the premises, he noticed an overturned ash tray, cigarette butts, and debris next to the poker machine Sablan was playing. Blake asked to speak to Sablan outside, but Sablan refused, saying "Jesus Christ! Please don't bother me, lai, I'm losing!"[2] Blake then asked Sablan to leave, relying on the posted policy that "the management reserves the right to refuse service"[3] and signs stating "please use the ash tray."[4] Sablan refused, and continued to play the poker machine after Blake had asked him to leave. Blake then called the police who asked Sablan to leave. Before he left, he had placed 20 bets into the poker machine, and was not permitted to reenter the game room to finish his game. At a quarter a bet, 20 bets is the equivalent of five dollars. Even though there was conflicting testimony presented as to whether Sablan's bet had been returned, the facts, as found by the trial judge are that "the evidence presented indicates that the money remaining in the machine following [Sablan's] departure was returned to [Sablan]."[5]

¶4    Five days later on November 29, 1994, Sablan filed a civil complaint against Blake, Townhouse, and L&T Corporation, alleging three separate causes of action, and seeking approximately $640,000 in damages, representing what Sablan had alleged was the maximum amount of winnings he could have made by doubling his bets on the poker machine. A bench trial was held on October 1, 1996. On February 10, 1997, the Superior Court held that Sablan's claim for damages were "overly speculative in that is [sic] based on the unlikely event that he would have won a hand on the Sigma Poker Machine, a game of chance."[6] Sablan timely appealed.

## ANALYSIS

I.    *The Superior Court did not determine that a contract existed between the parties.*

¶5    Sablan urges this Court to find that a contract existed between the Game Room and Sablan once he placed bets on the poker machine and that, somehow, this contract was breached when Sablan was prevented from completing his game.

¶6    The Superior Court did not determine whether a contract had, in fact, been formed by the parties. Nor do we make any such "finding."

¶7    ■ The trial court determined that Sablan's claim for damages was overly speculative in that his claimed damages were based on the uncertain event of successive and cumulative winning hands. We find no error in the Superior Court's determination of the law or its application to the facts in this case.

¶8    We are not convinced that a mistake has been made; therefore, we affirm the judgment of the Superior Court.

II.    *Request for Attorney's Fees and Costs.*

¶9    ■ In addition, pursuant to Com. R. App. P. 38(a), Blake requests attorneys fees and costs for Sablan's filing a frivolous appeal. Blake claims there is no basis in law or in fact for damages against him. "If this Court determines that an appeal is frivolous, it may award just damages and single or double costs to the appellee, including reasonable attorney's fees." Com. R. App. P. 38(a). A frivolous appeal "is one in which no justiciable question has been presented and the appeal is readily recognizable as devoid of merit in that there is little prospect that it can ever succeed."[7]

¶10    ■ Although we find that no mistake was made by the Superior Court, we are not convinced that this appeal is frivolous. In addition, while we find that the trial court judge carefully considered all the surrounding circumstances, testimony and evidence presented, and we find that no error or mistake was made, we will not sanction Sablan for filing this appeal.

## CONCLUSION

¶11    Based upon the reasons set forth in this opinion, we hereby **AFFIRM** the decision of the Superior Court. Appellee's request for attorneys fees and costs is hereby **DENIED**.

---

[2] Excerpts of Record ("E.R") 43, pg. 8, lines 21-22.

[3] E.R. 43, pg. 134, lines 12-13.

[4] E.R. 43, pg. 128, lines 1-2.

[5] Sablan v. Blake, Civil Action No. 94-1261 (N.M.I. Super. Ct. Feb. 10, 1997) (Order at 1).

[6] *Id.*

[7] *Commonwealth v. Kawai*, 1 N.M.I. 66, 72 n.4 (1992).